**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAIRIS DIXON,**

      **Plaintiff,**

**vs.**                         **CASE NO.:**

**MCLANE   COMPANY,   INC.,   a**
**Foreign Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAIRIS DIXON ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, MCLANE COMPANY, INC., (the "McLane" or "Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), and also as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Americans with Disabilities Act, as amended, 42 U.S.C. 12101, et seq. ("ADAAA"), and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1.      Defendant, MCLANE COMPANY, INC., is a Foreign Profit Corporation.  At all material times hereto, Defendant maintained an office in Osceola County, Florida.

2.      Plaintiff is an adult individual who resides in Osceola County, Florida.

3.      Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

4.      Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII and the ADAAA.   Jurisdiction over state law claims arise under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Osceola County, Florida.

6.      The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Osceola County, Florida.

## TITLE VII / PDA / ADAAA/FCRA STATUTORY PREREQUISITES

7.      Plaintiff is a female "person" who suffered discrimination based on her gender / pregnancy / medical condition.  As such she is a member of a class of individuals protected by Title VII, the PDA, the ADAAA and the FCRA.

8.      Plaintiff was qualified for her position of employment.

9.      Plaintiff suffered an adverse effect upon her employment by being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process was Plaintiff's gender, pregnancy, or related medical condition(s).

10.     Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

11.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, the ADAAA, and the FCRA.

12.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, the ADAAA, and the FCRA.

13.     Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 7, 2018, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct.  Plaintiff was issued a right-to-sue letter by the EEOC on August 5, 2019.  Therefore this complaint is being filed within 90 days of Plaintiff receiving her right to sue letter.

14.     Accordingly Plaintiff has completed with all other Title VII, PDA, ADAAA, and FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

15.     Defendant "is one of the largest supply chain service leaders, providing grocery and foodservice supply chain solutions for convenience stores, mass merchants, drug stores and chain restaurants throughout the United States." *See* MCLANE COMPANY CAREERS, *About*, http://www.mclanecareers.com/content/careers/en/home/about.html (last visited on Sept. 4, 2019), attached as Exhibit "A."

16.     Defendant "operates over 80 distribution centers across the U.S. and one of the nation's largest private fleets." *See id.*

17.     Defendant operates a warehouse / distribution center at 1818 South Poinciana Boulevard, Kissimmee, FL 34758.

18.     Plaintiff was hired by Defendant in the position of "Candy Repack – Selector 2."

19.     Plaintiff was hired on or about July 6, 2018, and worked for Defendant until her unlawful termination on September 27, 2018.

20.     Plaintiff's primary job duties included reading selection labels to identify slot location, product description, and quantity required for each order; pulling correct quantities of designated product for each order; and pushing a tote or box along a conveyor line to the next slot location until the order is complete.

21.     On or about September 25, 2018, while Plaintiff was approximately nine weeks pregnant, she woke up for her regular shift bleeding heavily.

22.     Given her pregnancy Plaintiff needed to seek immediate medical attention.

23.     Pursuant to Defendant's policies and procedures, Plaintiff used the "call-out number" to notify Defendant she needed to call-out of her shift due to her medical emergency.

24.     In an abundance of caution, Plaintiff also called the main office and spoke with one of Defendant's employees named Jackie (last name unknown) to inform her she would not be able to work her shift that day due to her medical emergency and her need to seek medical attention.

25.     That same day, Plaintiff presented to the Emergency Room for diagnosis and treatment.

26.     Plaintiff's Emergency Room doctor instructed Plaintiff to rest and not to return to work for two days. He gave her a doctor's note confirming the same instructions. He also instructed Plaintiff to make an appointment with her OB/GYN.

27.     Later that same day, Plaintiff presented to her OB/GYN who instructed her that she would need to undergo an ultrasound on Thursday, September 27, 2019, at 3:00 p.m. to further identify the exact cause of the bleeding. Plaintiff's OB/GYN instructed her not to perform any heavy lifting until they were able to further identify the exact cause of the bleeding at the

ultrasound on Thursday afternoon. Plaintiff's OB/GYN provided her a doctor's note confirming the instructions.

28.     On Wednesday, September 26, 2018, Plaintiff arrived to work at 6:00 a.m. to speak with her supervisor, Yolanda (last name unknown). Plaintiff informed Yolanda that she was pregnant, explained the medical issues she was facing (i.e. unexplained heavy bleeding), and informed her of her doctor's restrictions (i.e. two days of rest and no heavy lifting until further testing can be performed to identify the cause of the bleeding). Yolanda told Plaintiff she was permitted to go home but instructed her to return at 8:00 a.m. to speak with the Manager of Human Resources, Tracy Davis.

29.     Plaintiff returned to work at 8:00 a.m. as instructed. Ms. Davis was not in the office. Plaintiff spoke with another of one Defendant's human resources employees, Kristina (last name unknown). Plaintiff informed Kristina of her pregnancy, medical issues, and restrictions placed on her by her doctors. She provided Kristina copies of her doctor's notes verifying the same. Kristina took down Plaintiff's name and telephone number and told her Ms. Davis would give her a call later.

30.     Later that day, around 4:00 p.m., Ms. Davis called Plaintiff and asked her to meet in person at 8:00 a.m. the following morning. Plaintiff agreed.

31.     On Thursday, September 27, 2018, Plaintiff arrived to work at 8:00 a.m. to speak with Ms. Davis. Without performing any interactive process with Plaintiff, and before determining the results of her ultrasound later that same afternoon (which would impact whether Plaintiff even needed a prolonged lifting restriction), Ms. Davis told Plaintiff McLane could not accommodate her and that they would have to terminate her employment.

32.     Plaintiff's termination was effective immediately.

33.     Plaintiff requested a reasonable accommodation which Defendant could have but refused to accommodate.

34.     Defendant failed to engage in the interactive process required by the ADAAA.

35.     Defendant discriminated against Plaintiff due her gender, pregnant condition, and disability / perceived disability.

**COUNT I**
**GENDER DISCRIMINATION UNDER TITLE VII AND**
**THE PREGNANCY DISCRIMINATION ACT**

36.     Plaintiff re-alleges and adopts paragraph one (1) through thirty-five (35) as though fully set forth herein.

37.     At the time of Plaintiff's employment with Defendant, Plaintiff, a female, was pregnant.

38.     Defendant was Plaintiff's employer as defined by Title VII and the PDA.

39.     Defendant had knowledge of Plaintiff's pregnant condition.

40.     Plaintiff's gender / pregnant condition were motivating factors in Defendant's decision to terminate her employment.

41.     Defendant has, with malice or reckless indifference, violated the dictates of Title VII and the PDA, as incorporated into Title VII, by intentionally discriminating against Plaintiff because of her gender and pregnant condition.

42.     Defendant had actual or constructive knowledge of the discriminatory conduct.

43.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

44.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by Title VII and the PDA.

45.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

46.     Defendant's violations of Title VII and the PDA were willful.

47.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

48.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to Title VII and the PDA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

     a.  Back pay and benefits;

     b.  Interest on back pay and benefits;

     c.  Front pay and benefits and/or lost earning capacity;

     d.  Compensatory damages for emotional pain and suffering;

     e.  Injunctive relief;

     f.  Prejudgment interest;

     g.  Costs and attorney's fees; and

     h.  Such other relief as the Court may deem just and proper.

**COUNT II**
**DISABILITY DISCRIMINATION UNDER THE ADAAA**

49.     Plaintiff re-alleges and adopts paragraph one (1) through thirty-five (35) as though fully set forth herein.

50.     Plaintiff was a qualified individual with a disability.

51.     Plaintiff was perceived as disabled by Defendant.

52.     Defendant was Plaintiff's employer as defined by the ADAAA.

53.     Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

54.     Defendant discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her request for an accommodation of two days off from work plus a temporary heavy lifting restriction.

55.     Defendant had actual or constructive knowledge of the discriminatory conduct.

56.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

57.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

58.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

59.     Defendant's violations of the ADAAA were willful.

60.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits and/or lost earning capacity;

    d.   Compensatory damages for emotional pain and suffering;

    e.   Injunctive relief;

    f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT III
## GENDER DISCRIMINATION UNDER THE FCRA

61.    Plaintiff re-alleges and adopts paragraph one (1) through thirty-five (35) as though fully set forth herein.

62.    At the time of Plaintiff's employment with Defendant, Plaintiff, a female, was pregnant.

63.    Defendant was Plaintiff's employer as defined by the FCRA.

64.    Defendant had knowledge of Plaintiff's pregnant condition.

65.    Plaintiff's gender / pregnant condition were motivating factors in Defendant's decision to terminate her employment.

66.    Defendant has, with malice or reckless indifference, violated the dictates of the FCRA, by intentionally discriminating against Plaintiff because of her gender and pregnant condition.

67.    Defendant had actual or constructive knowledge of the discriminatory conduct.

68.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

69.    Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

70.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

71.    Defendant's violations of the FCRA were willful.

72.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

73.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

        **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

       a.   Back pay and benefits;

       b.   Interest on back pay and benefits;

       c.   Front pay and benefits and/or lost earning capacity;

       d.   Compensatory damages for emotional pain and suffering;

       e.   Injunctive relief;

       f.   Prejudgment interest;

       g.   Costs and attorney's fees; and

       h.   Such other relief as the Court may deem just and proper.

### COUNT IV
### DISABILITY DISCRIMINATION UNDER THE FCRA

74.     Plaintiff re-alleges and adopts paragraph one (1) through thirty-five (35) as though fully set forth herein.

75.     Plaintiff was a qualified individual with a disability.

76.     Plaintiff was perceived as disabled by Defendant.

77.     Defendant was Plaintiff's employer as defined by the FCRA.

78.     Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the FCRA.

79.     Defendant discriminated against Plaintiff because she exercised her rights under the FCRA by notifying Defendant of her request for an accommodation of two days off from work plus a temporary heavy lifting restriction.

80.     Defendant had actual or constructive knowledge of the discriminatory conduct.

81.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

82.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

83.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

84.     Defendant's violations of the FCRA were willful.

85.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits and/or lost earning capacity;

    d.   Compensatory damages for emotional pain and suffering;

    e.   Injunctive relief;

    f.   Prejudgment interest;

    g.   Costs and attorney's fees; and

    h.   Such other relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend her Complaint to seek punitive damages against Defendants</u>**

DATED this 17th day of September, 2019.

Respectfully submitted,


**/s/ JOLIE PAVLOS, ESQ.**
Jolie Pavlos, Esquire
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email:  jpavlos@forthepeople.com
         mbarreiro@forthepeople.com
*Attorneys for Plaintiff*